**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**SAVIOR FOOD SERVICES, LLC,**

**Debtor.**
**__________________________________/**

**CASE NO.: 6:26-bk-07960-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD, LLC,**

**Debtor.**
**__________________________________/**

**CASE NO.: 6:26-bk-07961-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD I, LLC,**

**Debtor.**
**__________________________________/**

**CASE NO.: 6:26-bk-07963-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD II, LLC,**

**Debtor.**
**__________________________________/**

**CASE NO.: 6:26-bk-07964-TPG**
**CHAPTER 11**
***Subchapter V Election***

**JOINT EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
***Emergency Hearing Requested on or before October 16, 2026***
***in Association with Currently Scheduled Motions.***
*(Re: U.S. Small Business Administration and Creditors Retaining Inferior Interests)*

**SAVIOR FOOD SERVICES LLC, ("SFS"), LAMB OF GOD, LLC, ("LOG")**, **LAMB OF GOD I, LLC ("LOGI"),** and **LAMB OF GOD II, LLC ("LOGII"),** by and through their undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), Federal Rule of Bankruptcy Procedure 4001(b)(2) and 4001(c), and Local Rule 2081-1(g)(1), hereby move for authority to use cash collateral on an interim basis and to provide adequate protection to the **U.S. SMALL**

**BUSINESS ADMINISTRATION** ("**SBA**") which entity may hold or claim a security interest in the Debtor's cash and/or cash equivalents, accounts and cash equivalents, and to the extent necessary, the holders of inferior position security interests in the Debtor's cash, accounts and cash equivalents (the "**Inferior Interests**" and collectively with SBA the "**Secured Creditors**"), and request an emergency hearing on the relief sought. In support of this motion, Debtors state as follows:

**<u>Summary of Relief Requested</u>**

1. ***Emergency Relief Requested***. Debtors request the Court authorize the Debtors' use of cash collateral notwithstanding any liens of the Secured Creditors (as defined herein) as of the Petition Date. Debtors request authority to use cash to fund ordinary business operations and necessary expenses in accordance with the cash budget attached hereto as **<u>Exhibit "A"</u>**.

2. ***Notice***. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email (if known), fax, and overnight mail, (iii) the twenty largest creditors, the Secured Creditors via email (if known), via fax (if known), or via FedEx Overnight Mail. Prior to any hearing on the instant motion, undersigned counsel for the Debtor will confer with the Office of the United States Trustee and the Secured Creditors regarding the relief requested herein.

3. ***Suggested Hearing Date***. Debtors request a hearing date on or before **October 16, 2026** in association with Motions already scheduled. The date is requested to ensure the smooth transition of Debtor's operations into the Chapter 11 process.

4. ***Supporting Argument.*** Debtors support this motion as set forth below.

**<u>Background</u>**

5. On October 12, 2026 (the "Petition Date"), Debtors filed their respective voluntary

petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and elected to proceed with their reorganization efforts under the provisions of Subchapter V.

6. Prior to the Petition Date, Debtors entered into a financing arrangement with the U.S. Small Business Administration which is purportedly secured by substantially all of the assets of Savior Food Services LLC, including its accounts and cash equivalents. The SBA may assert a first priority security interest in the Debtor's cash and cash equivalents by virtue of a UCC-1 Financing Statement filed with the State of Florida.

7. The cash collateral Debtors seek to use is comprised of cash on hand and funds to be received during normal operations which may be encumbered by the liens of SBA (the **"Cash Collateral")**.

8. The Inferior Interests may claim an inferior interest in the Debtor's cash and cash equivalents by virtue of alleged liens on the Debtor's personal property. Gulf Coast Bank and Trust Company may also assert a lien on the cash collateral as well, but that interest is wholly unsecured and subordinate to the U.S. Small Business Administration. However, upon due diligence, there are no other UCC. A list of those parties purportedly holding inferior interests in the Debtor's cash and cash equivalents are listed in **Exhibit "B"** attached hereto.

**Relief Requested**

9. Debtors will require the use of Cash Collateral to continue to operate their businesses for the next two (2) months, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter. Debtors will use the Cash Collateral to make payroll, pay suppliers, subcontractors, and vendors, and pay other ordinary course expenses to maintain its business, which may be subject to the security interests asserted by the SBA.

10. A Budget reflecting the estimated income and expenses for the Debtor's business

over the next two (2) months is attached hereto as **Exhibit "A"**.

11. As adequate protection for the use of Cash Collateral, Debtors proposes to grant the Secured Creditors a replacement lien on their post-petition Cash Collateral to the same extent, priority and validity as their pre-petition liens, to the extent their use of Cash Collateral results in a decrease in the value of the Secured Creditors' interest in the Cash Collateral. As demonstrated by the Budget, Debtors will continue to operate on a positive cash flow basis during the interim six-week period. As such, all interests on Cash Collateral are adequately protected by replacement liens and the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditors' prepetition collateral.

12. In the event the Debtors are not permitted to use Cash Collateral, they may be forced to halt operations altogether, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtors believe the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, granting the relief requested in the Motion is warranted

13. A copy of the proposed order authorizing use of Cash Collateral is attached hereto as **Exhibit "C".**

14. As of the date of this Motion, Debtors' undersigned counsel has been unable to confer with counsel for the U.S. Small Business Administration regarding the relief requested but shall endeavor to obtain the SBA's consent to such relief prior to any hearing on the Motion. In addition, Debtors' undersigned counsel will endeavor to confer with the Office of the United States Trustee and Subchapter V Trustee regarding the relief requested herein.

**WHEREFORE**, Debtors respectfully requests the Court: (i) set an emergency preliminary hearing to consider this Motion on or before **October 16, 2026;** (ii) grant the Debtors permission to use the Cash Collateral notwithstanding any liens on its cash or cash equivalents on an interim basis as of the Petition Date; and (iii) approve of the form and manner of providing adequate protection to Creditors during the interim period; and (iv) grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 14th day of October, 2026.

/s/ Daniel A. Velasquez, Esq.
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
*Attorney for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**SAVIOR FOOD SERVICES, LLC,**

**Debtor.**
___________________________________/

**CASE NO.: 6:26-bk-07960-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD, LLC,**

**Debtor.**
___________________________________/

**CASE NO.: 6:26-bk-07961-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD I, LLC,**

**Debtor.**
___________________________________/

**CASE NO.: 6:26-bk-07963-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD II, LLC,**

**Debtor.**
___________________________________/

**CASE NO.: 6:26-bk-07964-TPG**
**CHAPTER 11**
***Subchapter V Election***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the forgoing has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: **Savior Food Services LLC,** 5413 Carrara Court, Saint Cloud, Florida 34771; **Lamb of God,** 5413 Carrara Court, Saint Cloud, Florida 34771; **Lamb of God I LLC**, 5413 Carrara Court, Saint Cloud, Florida 34771; **Lamb of God II LLC**, 5413 Carrara Court, Saint Cloud, Florida 34771; **U.S. Small Business Administration**, 2 North Street, Suite 320, Birmingham, AL 35203 (Via Certified Mail); **U.S. Small Business Administration, c/o Garrett Remick Lenox**, Paralegal Specialist, 200 W. Santa Ana Blvd., Suite 740, Santa Ana, CA 92701, garrett.lenox@sba.gov (Via Certified Mail); **Attorney General of the United States of America, U.S. Department of Justice**, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001 (Via Certified Mail), **U.S. Small Business Administration, c/o Civil Processing Clerk,** U.S. Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, Florida 32801(Via Certified Mail); **Gulf Coast Bank and Trust Company,** 200 St. Charles Ave., New

Orleans, LA 70130 (Via Certified Mail); **Gulf Coast Bank and Trust Company, c/o Jonathan Ochs as Registered Agent**, 50 South Holiday Road, Suite 700, Miramar, Florida 32550 (Via Certified Mail): **Guy T. Williams, President of Gulf Coast Bank and Trust Company**, 200 St. Charles Ave, New Orleans, LA 70130 (Via Certified Mail); **Counsel for Gulf Coast Bank and Trust Company, Dora F. Kaufman, Esquire,** 44 West Flagler Street, 25th Floor, Miami, Florida 33130; the parties entitled to receive CM/ECF noticing; the secured creditors and the twenty largest unsecured creditors as shown on the matrix attached to the original of this motion filed with the Court; and **Office of the United States Trustee**, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801; this 14th day of October, 2026.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.

# EXHIBIT “A”

# Savior Food Services, LLC

*Combined Cash Budget Projection - Lamb of God, LLC; Lamb of God I, LLC; and Lamb of God II, LLC*

| **Month** | **Oct-26** | **Nov-26** |
|---|---|---|
| **Income** | | |
| Beginning Cash | $8,052.00 | $12,765.00 |
| Projected Receipts / Income | $151,055.00 | $150,140.00 |
| **Total Cash Available** | **$159,107.00** | **$162,905.00** |
| | | |
| **Projected Cash Outflows** | | |
| Rent and Utilities | $17,497.00 | $17,138.00 |
| POS System | $680.00 | $680.00 |
| Waste Management | $683.00 | $683.00 |
| Gas | $828.00 | $828.00 |
| Royalty | $9,492.00 | $9,225.00 |
| Marketing | $1,517.00 | $1,482.00 |
| Food Cost | $47,436.00 | $47,918.00 |
| Labor Cost | $41,389.00 | $41,585.00 |
| Internet and Phone | $809.00 | $809.00 |
| Pest Control | $120.00 | $120.00 |
| Repairs and Maintenance | $2,350.00 | $1,550.00 |
| Credit Card Transaction Fees | $3,781.00 | $3,703.00 |
| Cintas | $470.00 | $470.00 |
| CO2 | $1,330.00 | $1,450.00 |
| Insurance | $2,300.00 | $2,300.00 |
| Transfer to Cover Other Store Expenses | $1,500.00 | $1,500.00 |
| Hood Cleaning / Inspection | $1,660.00 | $1,650.00 |
| Affiliate Officer Compensation | $12,500.00 | $12,500.00 |
| **TOTAL PROJECTED CASH OUTFLOWS** | **$146,342.00** | **$145,591.00** |
| | | |
| **PROJECTED NET INCOME** | **$4,713.00** | **$4,549.00** |
| **PROJECTED ENDING CASH** | **$12,765.00** | **$17,314.00** |

# EXHIBIT “B”

# Inferior Interests

| | UCC-1 Filing # |
|---|---|
| | [redacted] |
| **Gulf Coast Bank and Trust Company** | **20200412412X** |

# EXHIBIT “C”

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**SAVIOR FOOD SERVICES, LLC,**

**Debtor.**
________________________________/

**CASE NO.: 6:26-bk-07960-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD, LLC,**

**Debtor.**
________________________________/

**CASE NO.: 6:26-bk-07961-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD I, LLC,**

**Debtor.**
________________________________/

**CASE NO.: 6:26-bk-07963-TPG**
**CHAPTER 11**
***Subchapter V Election***

**In re:**

**LAMB OF GOD II, LLC,**

**Debtor.**
________________________________/

**CASE NO.: 6:26-bk-07964-TPG**
**CHAPTER 11**
***Subchapter V Election***

**FIRST INTERIM ORDER GRANTING DEBTORS' JOINT EMERGENCY MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**
**[Continued Hearing: ]**

**THIS CASE** came on for emergency preliminary hearing on__________________, 2026 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by **SAVIOR FOOD SERVICES LLC, ("SFS"), LAMB OF GOD, LLC, ("LOG")**, **LAMB OF GOD I,**

**LLC ("LOGI"),** and **LAMB OF GOD II, LLC ("LOGII"),** (SFS, LOG, LOGI, and LOGII are collectively referred to herein as the "Debtors") on _____ 2026 (Doc. No. _____) (the "Motion"). Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

**ORDERED:**

1. Interim Authorization Granted. The Motion is granted on an interim basis as provided herein.

2. Cash Collateral Authorization. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion**,** plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the SBA. This authorization will continue through__________, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

3. Debtor Obligations. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. Replacement Lien. The SBA shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. Insurance. The Debtor shall maintain insurance coverage for its property in

accordance with the obligations under all applicable loan and security documents.

6. Without Prejudice. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. Enforcement. The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.

Savior Food Services, LLC
5413 Carrara Court
Saint Cloud, FL 34771

Daniel A. Velasquez
Latham Luna Eden & Beaudine LLP
201 S. Orange Avenue
Suite 1400
Orlando, FL 32801

Emmanuel Realty Holdings, LLC
4855 Babcock Street
Palm Bay, FL 32905

Good Shepherd Food Services, LLC
4937 Cypress Hammock Drive
Saint Cloud, FL 34771

Gulf Coast Bank and Trust Co.
200 Street Charles Avenue
New Orleans, LA 70130

Hany Ibrahim
4937 Cypress Hammock Drive
Saint Cloud, FL 34771

HS Finacial Group, LLC
c/o Coast Professional, Inc
PO Box 246
Geneseo, NY 14454

Peter Attia
5413 Carrara Court
Saint Cloud, FL 34771

Rania Attia
5413 Carrara Court
Saint Cloud, FL 34771

Square Financial Services, Inc.
3165 E Millrock Dr.
Suite 160
Salt Lake City, UT 84121

U.S. Department of Labor
Wage & Hour Division
1001 Executive Center Drive
Suite 103
Orlando, FL 32803

U.S. Small Business Administrati
2 North Street
Suite 320
Birmingham, AL 35203